# United States District Court
## For The District of Wyoming

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Criminal No. 07-MJ-54-SEC |
| STEPHEN PATRICK TORREY, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER GRANTING DEFENDANT'S FIRST MOTION TO DISMISS
### AND VACATING THE MEMORANDUM OF OPINION

The above-entitled matter came before this Court upon Defendant's motions to dismiss and the Government's response to Defendant's various motions to dismiss. The Court conducted a hearing on these motions on September 12, 2006. The Court has considered the pleadings, all material on file, and after considering the arguments presented at the motions hearing, and being fully advised, finds that Defendant's first motion to dismiss should be GRANTED.

In a Memorandum of Opinion dated September 12, 2006, the Court found Defendant guilty on three of six counts, including intentionally disturbing wildlife and intentionally interfering with a government employee. (07-MJ-54-SEC, Dkt. No. 28.) Pending before this Court is Defendant's motions to dismiss.

Defendant's first motion to dismiss asserts that the Court's refusal to allow Defendant to represent himself results in a violation of the Sixth Amendment, hence the case must be dismissed. (Defendant's first motion to dismiss at 4.) Defendant cites <u>Faretta v. California</u>, 422 U.S. 806 (1975) in support of his argument.

In a letter to this Court, dating September 14, 2005, the Defendant explained that he was releasing his attorney from his duties. (Defendant's first motion to dismiss, attachment 13.) Defendant did not request another attorney. The Court responded, explaining that because counsel was appointed by the Court, Defendant could not unilaterally terminate counsel's services, and first, Defendant must request the Court to relieve counsel of his duties and provide the Court with sufficient reasons why counsel should discontinue his services. (Defendant's first motion to dismiss, attachment 14.) On October 13, 2005, Defendant complied with the Court's request and provided a detailed letter explaining his reasons. (Defendant's first motion to dismiss, attachment 16.) Defendant explained that while counsel's representation at trial was adequate, he was disappointed with counsel's lack of enthusiasm and propensity to ignore details. Defendant also provided a list of seven reasons describing why counsel should be relieved of his services. (Defendant's first motion to dismiss, attachment 16-16.2.) The Court denied Defendant's request.

After reviewing Defendant's various motions to dismiss, this Court agrees that Defendant's first motion to dismiss should be granted. <u>Faretta</u> states that the Sixth Amendment guarantees that a defendant in a state criminal trial has an independent constitutional right to self-representation and that he may proceed to defend himself without counsel when he voluntarily and intelligently elects

to do so. Faretta, 422 U.S. at 814. As Defendant correctly cites, the "Sixth Amendment right to counsel implicitly embodies a 'correlative right to dispense with a lawyer's help.'" Id. In the instant case, the Court appointed an attorney to represent the Defendant based on Defendant's sworn affidavit that he was indigent. Thereafter, the Court refused to relieve Defendant's court-appointed counsel based on it's mistaken belief that a Defendant could not unilaterally terminate the services of counsel appointed by the Court. The Court believed that this Defendant would benefit from the assistance of counsel and, indeed, Defendant had stated that he was satisfied by how counsel represented him at trial. The Court now recognizes, however, that it should have conducted a Faretta hearing. The Faretta hearing would have permitted this Court to determine whether Defendant's waiver of counsel was knowing, intelligent and voluntary. See Edwards v. Arizona, 451 U.S. 477 (1981). Because the Court did not permit Defendant to proceed pro se, nor did it conduct the appropriate Faretta hearing, the Court must grant Defendant's first motion to dismiss.

      The Government contends that Defendant did not unequivocally declare that he wanted to represent himself, thus Faretta is inapplicable. (Government's response to various motions at 3.) The Court disagrees. The record does not indicate that Defendant was requesting new counsel. The Court believes that Defendant's letters to the Court show that he was seeking to release counsel and represent himself. During the motions hearing, Defendant testified that he was seeking to represent himself. Furthermore, the record shows that Defendant was literate, competent, and understanding and that he was voluntarily exercising his free will. (Defendant's first motion to dismiss, attachment 16.)

For the foregoing reasons, this Court must grant Defendant's first motion to dismiss and vacate the Court's Memorandum of Opinion dated September 12, 2006.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Defendant's first motion to dismiss should be **GRANTED**. It is

FURTHER ORDERED that the Court's Memorandum of Opinion, dated September 12, 2006 should be **VACATED**. It is

FURTHER ORDERED that all pending motions are **DENIED** as **MOOT**.

Dated this   22nd   day February, 2008.

*[signature]*

Stephen E. Cole
United States Magistrate Judge